POTEET v. KITLER.

4-5229 121 S. W. 2d 114.

Opinion delivered November 7, 1938.

*Edw. Gordon* and *Harvey G. Combs,* for appellant.

*Brickhouse & Brickhouse, Robert Bailey* and *R. W. Robins,* for appellee.

HUMPHREYS, J. Appellee brought suit against appellants in the circuit court of Conway county for damages in the sum of $30,000 for injuries received by her on November 6, 1935, through the alleged negligence of the servant of appellants in parking their truck with all four wheels upon highway No. 70 between Carlisle and Hazen, without a light burning or without giving any other sort of warning or signal to appellee; that said truck was left there upon the highway for repairs, and that said truck, without light or warning left as it was, was an obstruction on the highway.

On July 21, 1936, appellants filed an answer and cross-complaint.

The answer denied the material allegations in the complaint and interposed contributory negligence on the part of appellee as a further defense to the action.

The cross-complaint alleged that appellee and her husband were carelessly and negligently driving their car at a dangerous rate of speed and drove same into

the rear end of appellant's truck, thereby damaging said truck in the sum of $152.25 for which amount they prayed judgment against appellee.

Appellants thereafter filed an amended answer and cross-complaint as follows:

"That at the time of the injuries complained of, the said Mrs. Walter Kitler was engaged, with her husband, Walter Kitler, in a joint enterprise for a common purpose, and that she had an interest in the car and the right to control or exercise control over the driving of said car. That she was negligent in failing to prevent the said Walter Kitler from driving said car at a reckless, careless, dangerous and unlawful rate of speed, and in failing to see and observe the truck upon the highway and warning him of same, or preventing him from striking said truck which was parked on the extreme right-hand side of the highway, about four o'clock in the afternoon on the day of the injury, for the purpose of repairing and replacing a casing on said truck, it being impossible to drive said truck off upon the shoulder because of the excessive rains, which made the shoulder of said highway so soft that it would have been impossible to jack same up and make said repairs and pull back off of the shoulder after making the repair. That there was sufficient and ample room on the highway for all cars to pass said truck without driving upon the shoulder of same, and that the said Mrs. Walter Kitler and her husband were carelessly and negligently driving said car at a speed of about sixty or seventy miles per hour, just as it was getting dark, on a rainy, misty afternoon, when their vision was obscured, and when, in fact, if they had been driving at a reasonable rate of speed, they could easily have avoided striking said truck, which was parked upon the extreme right-hand side of said concrete slab, with the light burning, and that the said Mrs. Walter Kitler negligently failed to observe and warn the said Walter Kitler of the presence of the said truck in time to prevent striking the same when in fact, she had a right to participate in and control the driving of the car and was interested in the driving of the car in which she was riding. That because of the negligence of the said Mrs. Walter Kitler, above

complained of, the car in which she was riding was driven into the rear end of cross-complainant's truck and damaged same, as alleged in cross-complainant's original answer and cross-complaint."

Appellee then dismissed her suit and filed a demurrer to the original cross-complaint on the ground that it did not state facts sufficient to constitute a cause of action, and a demurrer to the amended cross-complaint on the following grounds:

"That the said complaint does not state a cause of action against the plaintiff.

"That neither paragraph of said complaint states a cause of action.

"That the cross-complaint as a whole does not state a cause of action against the plaintiff."

The demurrers to the original and amended cross-complaints were sustained and, appellants refusing to plead further, the original and amended cross-complaints were dismissed, from which judgment of dismissal is this appeal.

The sole question presented by this appeal is whether under the facts alleged in the cross-complaint and amended cross-complaint, admitted to be true by the demurrers, state a cause of action in favor of appellants against appellee. This must depend on whether appellee owed any positive duty to appellants to keep a lookout for a truck parked on the highway or slab and left there while the driver thereof went to get repairs for the truck. The truck as parked was an obstruction in the highway of which appellee was not required as a positive duty to keep a lookout. This is true notwithstanding it is alleged that she owned an interest in the car her husband was driving, and that she was engaged in a joint enterprise or common purpose with her husband when the injury occurred, and that she had a right to control or exercise control over the driving of the car. At p. 703 of vol. 5, American Jurisprudence it is said: "The fact that a husband negligently operates a car owned by his wife does not, in the absence of a statutory change in the common law rules, impose a liability upon the wife, unless she exercised some measure of control over his driving or it

can be said that he was acting as her agent or servant in operating the car. Nor does the mere fact of her presence in the car, or her failure to object to her husband's manner of driving, render her liable for his act. Her presence does not preclude the theory that the husband was her bailee and she was riding as his guest.''

It is not alleged in the cross-complaint that the driver of the car, appellee's husband, was acting as her agent in operating the car, nor that she was exercising some measure of control over her husband's driving, at the time the truck was injured. Certainly a wife riding in a car which her husband is driving owes no positive duty to keep a lookout for trucks parked for repairs which she had no right to anticipate or expect would block or obstruct the highway. No such duty would rest upon a guest or passenger in a car, for if that were the law passengers or guests would have to keep a constant lookout for all obstructions in the highway which they had no notice of or reasonable ground to anticipate would be on the highway. An action for negligence is grounded upon and based on some positive duty one owes to another, and in the absence of some such positive duty an action for negligence will not arise.

No error appearing, the judgment is affirmed.